WILLIAM S. PHILLIPS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 24446, 31769. Promulgated September 22, 1931.

*J. B. Grice, Esq.*, for the petitioner.
*O. J. Tall, Esq.*, for the respondent.

OPINION.

MURDOCK: The petitioner is not entitled to deduct the insurance premiums. *Julius S. Rippel*, 12 B. T. A. 438; *J. H. Parker*, 13 B. T. A. 115; *Rieck v. Heiner*, 25 Fed. (2d) 453; certiorari denied, 277 U. S. 608. But he is entitled to deduct $7,560.66, instead of $1,000, as a loss sustained in 1920. Section 214 (a) (4) of the Revenue Act of 1918.

The only other issue relates to the proper way of reporting the profit from 22 sales of real estate made in 1920. The Commissioner included certain notes in the computation at full face value. The petitioner contended that these notes were not worth full face value, and should only be included in the computation of profit at their fair market value, which was, he claims, 75 per cent of their face value. After some testimony had been received, counsel for the respondent, as an alternative in case any change was made in this connection, made claim for increased deficiencies for 1922 and 1923, based upon collections made in those years on notes taken in the 1920 transactions. He stated that it would then make little difference in the total deficiencies whether the notes were included in 1920 at face or less than face value. The presiding Member suggested that the parties consider the figures and settle the whole case by agreement. They have not filed any such agreement. No brief has been filed and no argument has been made on behalf of the petitioner. Perhaps he is satisfied with the Commissioner's treatment of these notes.

The petitioner did not sell or part with any of the notes in question in 1920. He said he did not have to and would not sacrifice them in that year. He preferred to hold them and collect on them. They were secured by the properties sold. The purchasers had substantial

equities in the properties by the end of 1920. Over 50 per cent of the unpaid balance of the second and third trust notes at the end of 1920 was paid in 1921 and by the end of 1923 over 76 per cent of this balance had been paid. Some were not then due. As payments were made, the equity of a purchaser increased and the security for the note improved. We do not know that the petitioner ever lost one cent on any of the notes in question. The evidence is not convincing that under the Revenue Act of 1918 the computation made by the Commissioner of the profits on these sales was erroneous.

*Judgment will be entered under Rule 50.*